## Easterling v. Commonwealth.

### (Decided December 21, 1923.)

## Appeal from Letcher Circuit Court.

1. Indictment and Information—Demurrer Properly Overruled, where Commonwealth Elected.—Though indictment charged several offenses, demurrer thereto was properly overruled when the Commonwealth elected as to which offense they would prosecute.

2. Criminal Law—Opening of Case After Submission to Receive Further Evidence Discretionary.—While trial courts have power to reopen a case after submission and before verdict, for the purpose of receiving further evidence, the matter is one that addresses itself to their sound discretion, and their refusal to do so will not be ground for reversal, unless it appears that there was a clear abuse of such discretion.

3. Criminal Law—Refusal to Reopen to Receive further Evidence Not Abuse of Discretion.—Where failure to read affidavit as to what testimony of absent witness would be was due solely to forgetfulness on the part of counsel for accused and not to any misleading conduct on the part of the Commonwealth's attorney, and the evidence of other witnesses tended to show that absent witness was not present at time when it was claimed liquor was placed in his automobile, it cannot be said that court abused its sound discretion in refusing to recall the jury for the purpose of hearing the affidavit.

4.  Criminal Law—Credibility of Witness for Jury.—The fact that one of the witnesses for the Commonwealth was shown to be hostile affected only his credibility, which was for the jury.

5.  Criminal Law—Verdict Not Flagrantly Against Evidence, where in Sharp Conflict.—Where the evidence is in sharp conflict, it cannot be said that the verdict was flagrantly against the evidence.

R. MONROE FIELDS for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of transporting intoxicating liquor, and asks a reversal on several grounds.

Though the indictment charged several offenses, the demurrer thereto was properly overruled when the Commonwealth elected to try appellant on the charge of transporting intoxicating liquor.

When the case was called for trial, it developed that Pat Caudill, whose name was endorsed on the indictment as one of the witnesses for the Commonwealth, was not present. Appellant then filed an affidavit for a continuance on account of Caudill's absence, and stated in the affidavit that Caudill, if present, would testify that appellant never at any time put any liquor in his car or sold him any liquor. Whereupon the Commonwealth's attorney consented that the affidavit might be read as Caudill's deposition. However, appellant's attorney forgot to read the affidavit to the jury, and complains of the refusal of the court to recall the jury after it had retired for deliberation, and permit him to read the affidavit. While trial courts have the power to reopen a case after submission and before verdict, for the purpose of receiving further evidence, the matter is one that addresses itself to their sound discretion, and their refusal to do so will not be ground for reversal unless it appears that there was a clear abuse of such discretion. 26 R. C. L., p. 1042; Garner v. State, 97 Ark. 63, 132 S. W. 1010, Ann Cas. 1912C, 1059. As the failure to read the affidavit was due solely to forgetfulness on the part of counsel for appellant, and not to any misleading conduct on the part of the Commonwealth's attorney, and as the evidence of other witnesses tended to show that Caudill himself was not present when the liquor was placed in his automobile, we are unable to say that the

court abused a sound discretion in refusing to recall the jury for the purpose of hearing the affidavit.

For the Commonwealth two witnesses testified that they were present and saw appellant place a bottle of liquor in Caudill's machine, while another testified that his reputation as a bootlegger was bad. On the other hand, appellant and another witness testified that no such occurrence took place. It is true that one of the witnesses for the Commonwealth was shown to be hostile, but that fact affected only his credibility, which was for the jury.

In view of the sharp conflict in the evidence, it cannot be said that the verdict was flagrantly against the evidence.

On the whole we find no error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.