## Little v. Commonwealth.

(Decided October 14, 1924.)

### Appeal from Pike Circuit Court.

1. Indictment and Information—Indictment for Unlawfully Manufacturing, Selling, etc., Intoxicating Liquor Held Duplicitous on Demurrer, and it was Prejudicial Error Not to Require Election.— An indictment, charging unlawful manufacture, sale, possession, keeping for sale, and transporting intoxicating liquors, was duplicitous and demurrable, and it was prejudicial error not to sustain demurrer or to require Commonwealth to elect in advance of trial.

2. Searches and Seizures—Search Warrant Held to Sufficiently Describe Premises.—Warrant directing search of residence of de-

fendant in P. county, located on I. creek, held to sufficiently describe premises.

3.  Searches and Seizures—Certainty to Common Intent Sufficient in Descriptive Part of Search Warrant.—Certainty to a common intent is all that is necessary in descriptive part of search warrant.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

The indictment accused appellant Little of several offenses, including " unlawfully manufacturing, selling, bartering, possessing, giving away, keeping for sale and transporting spirituous, vinous, malt and intoxicating liquors" against the peace and dignity of the Commonwealth. To this duplicitous indictment appellant interposed a general demurrer, which the court overruled, and to which ruling of the court appellant objected and excepted. No election was made by the Commonwealth as to which charge it would prosecute against appellant. Strictly speaking the indictment was bad on demurrer even though an election was made by the Commonwealth, but we have held in several cases that where the Commonwealth was required to elect in advance of trial the offense it would undertake to establish against the accused it was not prejudicial error to overrule the demurrer. We have further held that to overrule a demurrer in such a case, without requiring an election, was prejudicial error for which any judgment rendered against the accused must be reversed. Lovelace v. Commonwealth, 193 Ky. 425; Brooks v. Commonwealth, 98 Ky. 143; Easterling v. Commonwealth, 201 Ky. 485. Following this rule the judgment in this case must be reversed.

Appellant also complains that the search warrant is too indefinite, and says that the evidence obtained under it was not competent against him. In this he is in error. The search warrant, while not as full and complete as it could and should have been, does, we think, sufficiently describe the premises of appellant to enable the sheriff and other officers having the search warrant to find and search the premises and property of appellant. The warrant directed the search of the residence of appellant in Pike county, Kentucky, located on Indian branch of

Shelby creek.   No doubt this was an entirely sufficient description to enable the sheriff of the county to know what was intended.   Certainty to a common intent is all that is necessary in the descriptive part of a search warrant.   The evidence, therefore, was not incompetent and the trial court properly allowed the officers making the search under the warrant to testify to what they found. But for the error of the court in overruling appellant's demurrer to the indictment, which was obviously duplicitous, the judgment would be affirmed.

Judgment reversed.