## Buis v. Commonwealth.

(Decided December 5, 1924.)

### Appeal from Casey Circuit Court.

1. Intoxicating Liquors—Affidavit Supporting Search Warrant Held Sufficient to Create Probable Cause.—Affidavit supporting search warrant held sufficient to create probable cause, that when the affidavit was executed a still and moonshine whiskey were located in or near accused's home.

2. Searches and Seizures—Description of Premises to be Searched Held Sufficient.—Search warrant, describing accused's house situated in farming district as the house used and occupied by accused as a residence, and buildings and premises adjacent thereto, situated in a designated county near a designated village, held sufficiently to describe premises.

C. C. BAGBY for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellant Buis complains of his conviction of the
offense of having in possession spirituous liquors, on the
ground that the affidavit upon which the search warrant
was based, as well as the search warrant itself, were de-
fective and insufficient, in consequence of which all evi-
dence introduced by the Commonwealth was incompe-
tent and should have been excluded from the considera-
tion of the jury.

The affidavit was made by Henry Ellison and in sub-
stance states that the witness was at the home of Virgil
Brown near Mt. Olivet, and saw Virgil Brown, John
Brown, Howard Buis and Oscar Buis, making moon-
shine whiskey in a copper boiler on a cook stove in the
kitchen of the Brown home in the fall of 1923, and he did
not remember the exact date but some time about July.
Later the same witness was at the home of Oscar Buis
and saw him and others making moonshine whiskey with
the same outfit; and further that appellant bore the gen-
eral reputation of making and selling moonshine liquor.
We can but believe that the facts set forth in the affidavit
were all sufficient to create in the mind of a reasonable
person probable cause for believing that there was at
the time of the making of the affidavit in or near the home
of appellant, Oscar Buis, a moonshine still and moon-
shine whiskey. If this be so, then the judge was fully
justified in issuing the warrant on the affidavit. We are
of the opinion that the affidavit was sufficient to create
probable cause. The question is, were the premises to
be searched sufficiently described in the warrant?

The warrant issued by the judge of the county court
describes the premises to be searched as follows: "The
house now used and occupied by Oscar Buis as a resi-
dence and buildings and premises adjacent thereto.
Said residence situated in Casey county, near Humphrey,
Kentucky." Casey county is a farming district and has
but few towns. The location of Humphrey, Kentucky,
in that county, is well known. When the officer to whom
the warrant was issued received it, he at once knew where
the residence of Oscar Buis was located; or, if he did not
know the exact building he had all the information needed
in order to find the residence of Oscar Buis.

In the case of Blackburn v. Com., 202 Ky. 751, it was
held that a description of the defendant's premises in the

search warrant as the place where he lived, on the left-hand side of the road going up to Damrontown, was sufficient. See also Miller v. Com., 201 Ky. 423; Bates v. Com., 197 Ky. 692; Little v. Com., 205 Ky. 55. Hardly any better description could have been given than that which the warrant contains. The home of appellant Buis, of course, had no street number and was not in a village, but was near Humphrey. In a farming district like Casey county the sheriff, or other officer having the warrant, could have experienced no difficulty in locating the residence of appellant from the description given in the warrant. That was all that was necessary. The description was, as we believe, entirely sufficient, and the warrant was not invalid on that account.

These were the only grounds of complaint relied upon in appellant's brief.

Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.