## Combest v. Commonwealth.

(Decided January 13, 1925.)

### Appeal from Casey Circuit Court.

1. Indictment and Information—Demurrer to Indictment Held Properly Overruled when Commonwealth Elected Between Offenses Charged.—Demurrer to indictment charging violation of Prohibition Law in several respects held properly overruled, when Commonwealth elected to proceed on charge of unlawful possession only.

2. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Possession.—Evidence held to make question for jury and sustain conviction for possession.

CHARLES F. MONTGOMERY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The indictment accuses Elbert McBath and Aubrey Combest of the offense of "unlawfully manufacturing, selling, giving away and keeping for sale, having in possession and transporting, spirituous, vinous, malt or intoxicating liquors" other than for purposes allowed by law. A trial resulted in a conviction of both McBath and Combest, but Combest alone prosecutes this appeal.

The demurrer to the indictment was properly overruled when the Commonwealth elected to try appellant

for the offense of having whiskey in possession. Davis v. Com., 201 Ky. 300; Easterling v. Com., 201 Ky. 485.

Appellant's chief insistence is that the court erred to his prejudice in overruling his motion for a directed verdict in his favor at the conclusion of the evidence for the Commonwealth, which was all the evidence heard. He insists that there was not sufficient evidence to carry the case to the jury or to support the verdict. There was only one witness introduced. He testified that he met appellant Combest and McBath at Phil, and learned from them that they were going to get some liquor and he asked them to bring him a half gallon, which they consented to do, he giving them a check for five ($5.00) dollars to cover the price. The check was written by appellant Combest, and the witness signed it. It was then given to McBath. Combest and McBath went away in an automobile with the understanding that they were to meet the witness at Antioch ridge that afternoon. Pursuant to the agreement the witness met McBath and Combest at the appointed place about four o'clock. They were traveling in the same car, so the witness thought. When the witness approached the car he saw Combest walking away from the car in the direction of a residence, and McBath was sitting in the car. He did not see any other person there. He inquired of McBath if he had succeeded in getting the whiskey, to which he received an affirmative reply. It was setting in the front part of the car next to the driver's feet. The witness picked up the half gallon and departed.

It is the contention of appellant that there was no evidence to show he possessed the liquor which is the gravamen of the offense. We think the evidence shows with reasonable certainty that appellant and McBath jointly went after the whiskey and traveling together brought it to the witness at Antioch ridge. Appellant wrote the check for the witness to sign with which to get the money to pay for the liquor. Then he and McBath left in the car to get it. They met the witness at the appointed time and place, bringing with them the whiskey. These facts were sufficient to warrant the jury in concluding that both McBath and Combest were in possession of the liquor which they brought to the witness. The court did not, therefore, err in overruling appellant's motion for a directed verdict in his favor.

Judgment affirmed.