## Burke v. Commonwealth.

(Decided February 24, 1925.)

### Appeal from Pike Circuit Court.

1. **Indictment and Information—Indictment Held Demurrable for Duplicity.**—Indictment charging defendant with unlawfully manufacturing, selling, bartering, possessing, giving away, keeping for

sale, and transporting intoxicating liquors held demurrable for duplicity.

2.  Indictment and Information—Failure to Require Commonwealth to Name Offense of Duplicitous Indictment it would Rely on was Reversible Error.—Where indictment for violation of prohibition law was demurrable for duplicity, failure of court to require Commonwealth to elect on which offense it would rely for conviction was error, requiring reversal.

PICKELSIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREEL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The indictment accused appellant Burke of the offenses of "unlawfully manufacturing, selling, bartering, possessing, giving away and keeping for sale, and transporting spirituous, vinous, malt and intoxicating liquors," in Pike county, in June, 1924. A general demurrer was filed to the indictment by appellant and overruled by the court, to which ruling appellant excepted. The Commonwealth did not elect for which offense named in the indictment it would try appellant, and the court did not require such election. This was error necessitating a reversal of the judgment. We have so held in the cases of Caudill v. Commonwealth, 202 Ky. 730; Ash v. Commonwealth, 193 Ky. 452; Walker v. Commonwealth, 193 Ky. 426, and many others.

Judgment reversed for proceedings consistent with this opinion.