## Cummins v. Commonwealth.

(Decided May 5, 1925.)

## Appeal from Johnson Circuit Court.

1. Intoxicating Liquors—Conviction of Aiding and Abetting in Manufacture Held Supported by Evidence.—Evidence held to support conviction of aiding and abetting in manufacture of intoxicating liquor.

2. Criminal Law—Facts Admitted or Undenied by Defendant as Witness Taken as True.—Facts in evidence, admitted or undenied by defendant in his testimony, are taken as true.

3. Criminal Law—Conviction May be had on Circumstantial Evidence Alone.—While accused's guilt must be established by evidence beyond reasonable doubt, conviction may be had on circumstantial evidence alone, when sufficient to exclude every reasonable hyphothesis of innocence, especitlly in case of liquor law violations.

4. Criminal Law—Jury's Province to Pass on Witness' Credibility and Determine Guilt or Innocence from all Evidence.—It is jury's province to pass on credibility of witnesses and determine from evidence as whole accused's guilt or innocence.

5. Criminal Law—Admission of Evidence Without Objection or Exception Not Reviewed.—Admission of evidence without objection or exception cannot be reviewed.

6. Criminal Law—Admission of Testimony as to Letter Informing Witness of Defendant's Reputation as Liquor Law Violator Held Not Prejudicial Error.—Admission of Testimony as to lettter informing witness of defendant's reputation as liquor law violator held not prejudicial error, in view of other witnesses' uncontradicted testimony as to his bad reputation in such respect.

7. Criminal Law—No Reversal for Admission of Evidence of Search for and Discovery of Still Without Search Warrant, in Absence of Objection to or Motion to Exclude Evidence on Such Ground.—Where record shows no objection to evidence of search for and discovery of still, nor motion to exclude it, because of absehce of search warrant, Supreme Court will not reverse conviction on assumption of invalidity or irregularity of search or seizure, especially where not asked to do so on such ground.

W. A. BYRON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Settle— Affirming.

The appellant, E. E. Cummins, was indicted, tried and convicted in the Pendleton circuit court of the of-

fense of aiding and abetting another in unlawfully manu-
facturing intoxicating liquor, and his punishment fixed
by verdict of the jury and judgment of the court at a
fine of $250.00 and imprisonment of sixty days in jail. He
insists that he was wrongfully convicted and by this ap-
peal seeks a reversal of the judgment of conviction.

The bill of evidence was not taken by a stenog-
rapher, but prepared and agreed upon by counsel for the
appellant and the Commonwealth's attorney with the ap-
proval of the trial judge, whose certification thereof ap-
pears thereto over his official signature. From the evi-
dence therein contained it appears that on July 3, 1924,
C. B. Peoples, sheriff of Pendleton county, accompanied
by Charles Ravenscraft, a deputy sheriff of that county,
J. O. Perrin, a policeman of the city of Falmouth, and
W. C. Thompson, a federal prohibition officer, went to the
residence and farm of the appellant in Pendleton county
to make a search for an illicit still, of which they had pre-
viously received information, and which still they quickly
found on the appellant's farm at a distance of between
200 and 300 yards from his residence, concealed by sur-
rounding bushes and small trees. The still was reached
by a well defined roadway leading to it from his resi-
dence. The still, which consisted of a large metal tank
resting on stone walls, contained the necessary copper
coil or worm and such other attachments or appliances
as are found with a still properly equipped for the manu-
facture of whiskey; and the recent use of the still for that
purpose was shown by the fresh cinders and hot ashes
that were seen in the firepit from which its contents were
heated.

Two barrels of hot mash for use in the manufacture
of whiskey were found at the still by the officers and de-
stroyed. They also found with the still two milk cans
with the appellant's name painted on them, and a case
knife precisely like the knives they discovered in use
upon the dining table at his residence: In addition, it
was discovered by the officers that the still was covered
by pieces of metal roofing of the kind with which his
barn had recently been covered. The still, worm and
other appliances, together with the pieces of metal roof-
ing and such other articles as were found with them,
were seized by the officers and later introduced in evi-
dence on the appellant's trial and by them identified.

At the time of his arrest, which was immediately
after the discovery of the still and its appendages by the

officers, the appellant admitted to them that the two milk cans were his property, but claimed that he did not know how they got to the still. He at the same time denied that the still was his property.

The foregoing facts were established by the uncontradicted testimony of the four officers by whom the still was discovered, three of whom, C. B. Peoples, Charles Ravenscraft, and J. O. Perrin, testified in addition that they were well acquainted with the appellant, E. E. Cummins, and with his reputation with respect to engaging in the unlawful manufacture and selling of intoxicating liquors, and that his reputation is that of an unlawful manufacturer of and trafficker in "moonshine" whiskey, and for that reason bad.

The appellant, upon taking the witness stand in his own behalf, denied his ownership of the still found on his farm. But he made no denial of its being on his farm or of his ownership of the two milk cans, or case knife, found by the officers July 3, 1924, at the still. He testified, however, that the still was not put on his farm with his consent and that it was not discovered by him until Saturday about the last of June, 1924; and that on Sunday, the following day, he learned from some men, then fishing on the river nearby, that the still belonged to them; whereupon he told them they would have to remove it from his land, which they, or Elmer Gray, the only one of the fishermen known to him, promised should be done; but that he made no investigation before the still was discovered by the officers of the law, to ascertain whether it had been removed.

The only other witness introduced for the appellant was L. L. Longnecker, who corroborated the testimony of appellant as to his conversation claimed to have been had with the fishermen in which they, or one of them, admitted their ownership of the still, and in reply to his request that it be removed, promised it should be done.

Two grounds are presented in the brief of the appellant's counsel for the reversal sought of the judgment, viz.: Error claimed to have been committed by the trial court to the prejudice of his substantial rights. First, in overruling his motion for a new trial on the ground, therein urged, that the verdict of the jury was unsupported by and flagrantly against the evidence. Second, in admitting on the trial incompetent evidence.

The first of these contentions is convincingly refuted by the evidence found in the record, much of which conduced to connect the appellant with the ownership of or an interest in the distilling plant in question. This may be said to be especially true of the following material facts appearing in the evidence. which were admitted or undenied by the appellant in giving his testimony and are, therefore, to be taken as true, viz.: That the still and its appurtenances, with two barrels of mash necessary for use in the manufacture of whiskey, two milk cans suitable for handling such liquid as whiskey or still slop, each marked with the name of the appellant, and a case or table knife of the same make and pattern as those in use at his home, were all found together and at the same time by the sheriff and his *posse* upon the farm of the appellant in convenient proximity to his residence upon, and at the end of, a well defined road or pathway leading to the distilling plant from the residence, and that at the time of the discovery of the still, its appurtenances and other articles of property mentioned, the warmth of the mash in the barrels and the freshness and heat of the ashes under the still, as well as the appearance of the still and equipment, indicated that it had recently been operated in manufacturing whiskey.

In addition, there appears in the evidence the appellant's admission of his knowledge of the presence on his land of the distilling plant before its discovery by the officers; and also his admission of his ownership of the milk cans found at the plant by the officers.

In view of the foregoing admitted facts and accompanying circumstances, the inferences reasonably deducible therefrom and the probative effect of the evidence with reference to his reputation for engaging in the unlawful manufacture and sale of intoxicating liquors, it is not difficult to understand why the defense attempted to be presented by the testimony of the appellant was disallowed by the jury. Doubtless, his inability to give an intelligent explanation of his alleged ignorance of the presence at the distilling plant of his milk cans and table knife, weakened his credibility as a witness with the jury, which could hardly have been restored by his attempted explanation of his conduct subsequent to his admitted discovery of the still, in relying, as claimed, upon the promise of one of several fishermen, alleged owners of

the still, to remove it from his land, instead of reporting his own discovery of the still to the officers of the law, causing its seizure and the arrest of the alleged owners, which would have been the course of conduct reasonably expected of a law-abiding citizen upon discovering that both his own rights and a statute of the state had been violated through the wrongful appropriation by another of his land or other property to a use forbidden by such statute.

While in every criminal or penal prosecution the guilt of the accused of the offense charged must be established by the evidence beyond a reasonable doubt, it is an equally well recognized rule in this jurisdiction that the conviction of the accused may be had upon circumstantial evidence alone, when it is of such force as to exclude every reasonable hypothesis of his innocence. King v. Commonwealth, 143 Ky. 127; Peters v. Commonwealth, 154 Ky. 689; Mobley v. Commonwealth, 190 Ky. 424; Bowling v. Commonwealth, 193 Ky. 674. And this, as said in some of the cases, "is especially true of violations of the liquor laws, which are nearly always committed with secrecy and by methods that often make detection difficult." Knight v. Commonwealth, 194 Ky. 563.

In all such cases it is the province of the jury to pass upon the credibility of the witnesses and determine from the evidence as a whole the guilt or innocence of the accused; and in the case at bar no reason whatever is apparent for the appellant's complaint that the verdict is unsupported by or flagrantly against the evidence.

The character of the defense relied on by the appellant in this case is one now frequently resorted to by persons accused of violations of the liquor prohibition law. The most recent case decided by this court presenting a like defense was that of West v. Commonwealth, 208 Ky. 182. But in that case, as in this, the jury refused to accredit the appellant's evidence and returned a verdict finding him guilty, which verdict received our approval; and that such a defense seems to be regarded with suspicion by the juries is obviously due to the unreasonable and improbable character of the evidence usually offered to sustain it.

The contention of the appellant as to the admission of incompetent evidence on his trial, must be overruled. The only incompetent evidence appearing in the record, or complained of, is contained in a statement of a witness who, in testifying as to the reputation of the appellant

said, in substance, that he had been informed by letter from a member of the "Ku Klux Klan" that his (appellant's) reputation was that of a manufacturer and trafficker in intoxicating liquors. But as the record fails to show that the statement in question was objected to by the appellant, or an exception taken by him to such ruling, if any, as was made thereon by the trial court, this court is without power to review such ruling or consider the complaint. However, the evidence in question, though incompetent, could not have been prejudicial, for several other witnesses testified as to the bad reputation of appellant in the respect indicated, and no attempt was made by him to contradict their testimony.

Although the testimony of the sheriff and *posse* shows that they went to the appellant's farm to search for the still and by such search found it, strange to say no mention of a search warrant appears in the record, or briefs of counsel. But in the absence of a showing by the record of an objection to the evidence of the search for and discovery of the distilling plant because of the absence of a search warrant, or motion to exclude such evidence because of that fact, we do not feel called upon to assume that there was any invalidity or irregularity either in the search made for the still, its discovery or seizure; nor, indeed, are we asked by the appellant's counsel to reverse the judgment on any such ground.

There being no reason shown for declaring the conviction of the appellant unauthorized, the judgment is affirmed.