## Hudson and Walker v. Commonwealth.

(Decided May 7, 1926.)

Appeal from Breckinridge Circuit Court.

1. Indictment and Information.—Where many offenses charged in indictment constituted misjoinder requiring correction, demurrer by accused held authorized as means to that end.

2. Intoxicating Liquors—To Convict Two Defendants for Unlawful Manufacture of Liquor, it is Not Necessary to Allege or Prove Conspiracy to Commit Such Offense.—To convict two defendants for unlawful manufacture of liquor, it is not necessary to allege and prove conspiracy to commit such offense, since they were each amenable to punishment, if engaged in the unlawful manufacture regardless of their relationship to each other in making the liquor.

3. Criminal Law—Overruling Demurrer to Duplicitous Indictment, where Comminwealth's Attorney Elected to Prosecute on One of Offenses Charged, but Failed to Enter Order Dismissing the Others, Held Not Prejudicial (Criminal Code of Practice, Sections 168, 353).—Overruling demurrer to duplicitous indictment, where Commonwealth's attorney corrected misjoinder by electing to prosecute for only one of offenses charged, but failed to enter order dismissing other charges under Criminal Code of Practice, section 168, held not prejudicial, where defendants did not ask that such order be made, in view of section 353.

4. Criminal Law—Where Commonwealth's attorney Elected to Prosecute for One of Several Offenses Charged, but Failed to Enter Order Dismissing the Others, Error, if Any, in Overruling Demurrer Held Cured by Confining Evidence and Instructions to Offense Elected (Criminal Code of Practice, Section 168).—Where Commonwealth's attorney elected to prosecute for one of several offenses charged in indictment, but failed to enter order dismissing the others, under Criminal Code of Practice, section 168, error, if any, in overruling demurrer to indictment held cured by confining evidence and instructions to offense elected.

5. Intoxicating Liquors—Evidence Held Sufficient to Take Case to Jury and to Support Conviction for Unlawfully Manufacturing Intoxicating Liquor.—Evidence, though largely circumstantial, held sufficient to take case to jury and support conviction for unlawfully manufacturing intoxicating liquor.

6. Criminal Law.—Evidence of Flight by Defendants when Found by Officers Held Competent to Show Guilt in Prosecution for Manufacturing Liquor.—Evidence of flight and escape, or attempt to escape, by defendants when found guilty at still by officers held competent to show guilt in prosecution for manufacturing liquor.

7. Intoxicating Liquors—Rule that Circumstantial Evidence Alone Will Support Conviction for Violation of Criminal Law is Especially True in Liquor Case.—Rule that circumstantial evidence alone will support conviction for violation of criminal law when it reasonably excludes every hypothesis of defendants' innocence is especially true in prosecution for violating liquor laws.

H. L. JAMES and GUS BROWN for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellants, Chester Hudson and Charles Walker, were jointly indicted and together tried in the court below for the offense of unlawfully, within twelve months before the filing of the indictment, manufacturing spirituous and intoxicating liquor, not for sacramental, medicinal, scientific or mechanical purposes. The trial resulted in a verdict by the jury finding each of the appellants guilty as charged and fixing the punishment of each at a fine of $300.00 and imprisonment of ninety days in jail, and from the judgment entered by the trial court in pursuance of that verdict they have each appealed.

The grounds urged by the appellants' counsel for the reversal of the judgment are, that error prejudicial to the substantial rights of each of them was committed by the trial court as follows: First, in overruling their joint and several demurrer to the indictment; second, in overruling the motion made by each of them at the close of the Commonwealth's evidence, and renewed upon the conclusion of the evidence as a whole, for an instruction peremptorily directing the jury to return a verdict of not guilty in behalf of each of the appellants.

As the many offenses charged in the indictment rendered it duplicitous and constituted a misjoinder requiring correction, the filing of the demurrer thereto by the appellants was authorized as a means to that end. But upon the filing of the demurrer and before any action was, or could be, taken by the court thereon the Commonwealth's attorney corrected the misjoinder by electing to prosecute the appellants for only one of the numerous offenses charged in the indictment, viz., that of unlawfully manufacturing intoxicating liquor. And this was the single offense for which they were tried and convicted. It is, however, insisted by counsel for the appellants that as the indictment charged more than one offense against each defendant and did not allege a conspiracy between them to commit them, it was the duty of the court, notwithstanding the correction of the misjoinder by the Commonwealth's attorney's voluntary election to confine the prosecution of the appellants to one of the several offenses charged, to sustain the demurrer; and that the ''only way this could have been avoided would have been by the attorney for the Commonwealth's dismissing the indictment as to one of the defendants and

dismissing all the charges except the one as against the other defendant.''

We are unable to discover any force in this argument. The appellants were jointly indicted as principals in the commission of the offense charged; and if they together, whether as joint undertakers, either as an employe, aider or abettor of the other, or both as employees of another, or others, unlawfully engaged in the manufacture of intoxicating liquor as charged in the indictment, nevertheless in the meaning of the law they were principals in the commission of that offense and each amenable to the punishment prescribed by the statute therefor. Rickman v. Commonwealth, 208 Ky. 655; Cummins v. Commonwealth, 208 Ky. 695. And this would be true whether their joint commission of the offense did, or did not, result from a conspiracy between them. Therefore, in order to convict the appellants of the offense charged it was not, as argued by their counsel, necessary for the indictment to allege, or the Commonwealth to prove, such conspiracy.

We cannot sustain the further contention of appellants' counsel that the appellants were prejudiced in any substantial right by the trial court's refusal to sustain their demurrer because of the failure of the Commonwealth's attorney to dismiss, by an order to that effect, the several offenses therein charged against the appellants, other than the one on which he elected to try them. We deem it sufficient to say that the entering of such an order by that officer following his election of the offense upon which to try the appellants, would have been proper, for the authority to take such action is conferred on the Commonwealth's attorney by section 168, Criminal Code, applicable to the correction of a misjoinder of offenses in an indictment, though the exercise by him of such authority is by its terms left to his discretion, with the proviso, however, that if exercised by him, a demurrer to the indictment because of the misjoinder of offenses shall not be sustained.

It should be said in this connection that though a formal exception was taken by the appellants to the action of the court in overruling their demurrer to the indictment, neither at the time of the Commonwealth attorney's making the election by which their prosecution under the indictment was confined to the one offense therein charged for which they were tried, nor at any time during their trial, did they call to his or the court's

attention the fact that he had not, by an order of record, dismissed the several other offenses with which they were charged, or asked that such an order be made. So in view of the facts that the election correcting the misjoinder of offenses contained in the indictment was made and that such error, if any, as was committed by the trial court in overruling the demurrer to the indictment, was cured by its confining the evidence to the particular offense for which the Commonwealth elected to try the appellants; and also by its instructions to the jury which limited their consideration of the guilt or innocence of the appellants to that one offense, we are clearly of the opinion that they were not prejudiced in any of their substantial rights by the failure of the court to sustain the demurrer to the indictment. And to hold otherwise would require us to ignore section 353, Criminal Code, which permits the reversal by this court of a judgment of conviction only for errors of law appearing on the record "when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby." This conclusion is fully sustained by the following cases and others that might be cited, all decided by this court: Smith v. Commonwealth, 109 Ky. 685; Dotson v. Commonwealth, 204 Ky. 658; Vanover v. Commonwealth, 202 Ky. 813; Davis v. Commonwealth, 201 Ky. 300; Esterling v. Commonwealth, 201 Ky. 485; Bowling v. Commonwealth, 193 Ky. 642; Lovelace v. Commonwealth, 193 Ky. 425; Herbert v. Commonwealth, 207 Ky. 76; Burk v. Commonwealth, 207 Ky. 491; Little v. Commonwealth, 205 Ky. 55; Johnson v. Commonwealth, 205 Ky. 364; Combest v. Commonwealth, 206 Ky. 554.

Indeed, so frequently on appeal, especially in liquor cases, has the action of trial courts in overruling demurrers to indictments under circumstances such as obtained in the instant case, been urged by the appellants as error requiring the reversal of judgments of conviction, that this court, as if to put the matter forever at rest, in giving its approval to a like ruling of the trial court, in Dotson v. Commonwealth, *supra,* declared: "This procedure has been repeatedly upheld by this court and is no longer an open question. Vanover v. Commonwealth, 202 Ky. 813."

The appellants' final contention that the trial court erred in overruling their motion for a directed verdict of

acquittal, is also without merit.   It appears from the evi-
dence in the record, furnished by the testimony of W. C.
Pate, sheriff of Breckinridge county, and that of Noah
and Coy Paul, his deputies, that they, while acting upon
information that moonshine whiskey was being unlaw-
fully manufactured in the vicinity of Hudsonville, a vil-
lage of that county, between 7 and 8 o'clock in the morn-
ing of June 15, 1924, discovered in a thicket on a farm
known as the Joe Quiggins land, about a half-mile from
the appellant Hudson's farm and place of residence, a
copper still in full operation.   That is, there was, as they
found upon arriving at the still a few minutes after its
discovery, a fire of wood under it from the heat of which
its contents were boiling, and flowing from the still
through a pipe into a keg, was a liquid having the color
and odor of moonshine whiskey.   But whether this liquid
was the "first run" from the still called "singlings," or
the finished product, whiskey, the witnesses were unable
to state.

The officers also testified that there was near the
still a barrel partly filled with whiskey, and numerous
barrels and boxes containing, as a whole, more than 1,000
gallons of mash required in the manufacture of whiskey;
also quite a quantity of firewood suitable for use in fur-
ther continuing the operation of the still.   It further ap-
pears from the testimony of the officers that they were
enabled to locate the still by the ascending smoke pro-
duced by its furnace; and that in order to conceal their
presence from the person, or persons, operating or at the
still, they approached it through a thicket near the one
in which it was situated, where they took a position that
permitted them to look across the open stretch of ground
about 100 yards in width, that separated the two thickets,
and see the still without themselves being seen by any
person at or near it.   That they remained in this position
of concealment from which they could see the still and
environment, long enough to discover that it was in oper-
ation and that the appellants, Hudson and Baker, each of
whom they had long known, were the only persons at it
and each at times sitting near, walking about or stooping
over the still, as if in possession and control of it.

The officers likewise testified that after thus seeing
the appellants and observing their conduct at and about
the still, they concluded to place them under arrest, but
that to accomplish this purpose and also seize the still
and appurtenances, they had to cross from their place of

concealment the intervening width of open ground. In doing so they were discovered by the appellants, both of whom immediately attempted to escape arrest by fleeing from the officers. They were, however, pursued by the latter, one of whom captured and arrested the appellant Hudson within 150 yards of the still. But the appellant Walker succeeded in making his escape, and was not in fact arrested until several months later and after he and his coappellant, Hudson, were indicted for the offense of which they were convicted in this case.

Following the arrest of Hudson and escape of Walker, the officers made a close inspection of the still and appurtenances; and, after taking from the barrel of whiskey a bottle of its contents which was later used as evidence on the appellant's trial, wrecked the still and destroyed the barrels and boxes with all the liquor and mash contained therein. The appellant, Hudson, while in the custody of the officers, voluntarily made, as testified by them, in their presence and hearing a statement in which he, in substance, said: "Didn't you know bad luck brought me into this?" This declaration was in reply to a question from deputy sheriff, Nash Paul, inquiring why he had engaged in the unlawful manufacture of intoxicating liquor.

In addition to the foregoing evidence appearing from the testimony of the officers, they and three other witnesses, Odie Wright, Leslie Paul, Faurest Pierce, also testified that they were well acquainted with the two appellants and the reputation of each, which, with respect to engaging in the unlawful manufacture of and traffic in intoxicating liquor, was bad.

The appellants, in giving their testimony, admitted their presence at the still and that it was equipped for the manufacture of whiskey and in operation, as testified by the sheriff and his deputies, and also admitted their flight from the still upon discovering the approach of the officers. But each of them denied that he owned any interest in the still, its appurtenances, or the whiskey manufactured by it, or was in any manner connected with its operation. The appellant Hudson's explanation of his presence at the still was that he discovered it while in search of a hog which had strayed from his farm, and was at the time accompanied by the appellant, Walker, with whom he happened to meet, while the latter was, as claimed by him, on his way to the residence of one Lonnie

Allen, to purchase of him a "house pattern." Hudson's testimony contained no explanation of his attempted escape when discovered at the still by the officers and concludes with a denial of the confession of guilt attributed to him by the testimony of the sheriff and his deputies.

The testimony of the appellant, Walker, was mainly confined to an explanation of his presence at the still, and was quite similar to and corroborative of that of Hudson; but on cross-examination he admitted his long and successful evasion of arrest at the hands of the sheriff and his deputies. The remaining evidence in behalf of the appellants all bore upon the question of their reputation and was furnished by the testimony of five witnesses introduced on the trial and certain statements attributed by an affidavit of the appellants for a continuance to four absent witnesses, and all being to the effect that the reputation of each of the appellants for obedience to the liquor prohibition law was good and had not, to the knowledge of the witnesses, been discussed or questioned until they were charged with the offence of which they were convicted in this case.

In our opinion the evidence, considered as a whole, fails to support the appellants' contention that it entitled them to a directed verdict from the jury. On the contrary, we feel justified in saying that it required the submission of the case to the jury and was sufficient to authorize the verdict and judgment of conviction. While much of it was circumstantial, the circumstances, especially the presence and conduct of the appellants at the still and their flight to escape arrest when discovered by the officers, were of unusual force, and as the evidence of flight and escape or attempted escape under the circumstances appearing in this case is competent as evidence tending to show guilt, we can well understand why the jury returned the verdict that was by them rendered in the instant case.

As said in Bowling v. Commonwealth, 193 Ky. 642:

"It is a recognized rule in this jurisdiction that a conviction for violating a criminal law of the state may be had upon circumstantial evidence alone when it is of such force as to reasonably exclude every hypothesis of the defendant's innocence. King v. Commonwealth, 143 Ky. 127; Peters v. Commonwealth, 154 Ky. 689; Mobley v. Commonwealth, 190 Ky. 421. This is especially true of violations of the liquor

laws, which are nearly always committed with secrecy and by methods that often make detection difficult.''

The instructions given by the court are not complained of, and as no reason is shown by the record for disturbing the verdict, the judgment is affirmed.