### FALL v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 10, 1929.

No. 5742.

William N. Waugh, of Butte, Mont., for appellant.

Wellington D. Rankin, U. S. Atty., and Howard A. Johnson and Arthur P. Acher, Asst. U. S. Attys., all of Helena, Mont.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment of conviction under the National Prohibition Act (27 USCA). The principal error assigned challenges the sufficiency of a search warrant and the legality of a search and seizure made thereunder. The search warrant described the place to be searched as "a ranch with small building used for residence, located about 5 miles in a westerly direction from the town of Silver Bow, Montana." The question at once arises whether such a description satisfies the requirement of the Fourth Amendment to the Constitution of

the United States that the warrant shall particularly describe the place to be searched and the persons or things to be seized. All of the authorities agree that the description in the warrant must be sufficient to enable the officer to whom it is directed to locate the place definitely and with certainty, but it is not always easy to say when that degree of certainty exists or when that result has been accomplished. In . Steele v. United States No. 1, 267 U. S. 498, 503, 45 S. Ct. 414, 416 (69 L. Ed. 757), the court said: "It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended."

In Giacolone v. United States, 13 F.(2d) 108, this court said: "It will be conceded that the description of the property to be searched is quite general. But the office of a description in a search warrant is to enable the officer to whom it is directed to locate the place definitely and with certainty, and the sufficiency of a description can seldom be determined from an inspection of the warrant alone. Thus, the description of a building as situate on a certain block, or even on a certain section of land would be ample if there was but one building on the block or section; whereas, under other circumstances, it would be no description at all."

In United States v. Borkowski (D. C.), 268 F. 408, the court said: "In describing the place to be searched, it is sufficient if the officer to whom the warrant is directed is enabled to locate the same definitely and with certainty. This does not necessarily require the exact legal description to be given, such as ordinarily appears in deeds of record in the county recorder's office. The description may be such as is known to the people and used in the locality in question, and by inquiry the officer may be as clearly guided to the place intended as if the legal record description were used."

Many cases are cited by the appellee, and we presume they are as extreme as any that can be found, but in none of them is the description as indefinite or as general as in this case. Metcalf v. Weed, 66 N. H. 176, 19 A. 1091; State v. Stough (Mo. Sup.) 2 S.W.(2d) 767; Bradley v. State, 134 Miss. 20, 98 So. 458; People v. Lienartowicz, 225 Mich. 303, 196 N. W. 326; State v. Whitecotten, 101 W. Va. 492, 133 S. E. 106; Buis v. Commonwealth, 206 Ky. 57, 266 S. W. 895. While the description of the property in the cases cited is quite general, it is always accompanied by giving the name of the owner or occupant, and this of course identifies the place with as much certainty as would the most particular description of the property itself. Here, the officer had no directions whatever to guide him save the approximate distance of five miles and the general westerly direction, and, under ordinary circumstances, it would be an accident if he found the place at all. The court below erred therefore in refusing to quash the search warrant and in refusing to suppress the evidence seized thereunder.

But if the testimony is suppressed, the appellee contends that the conviction under the first count of the information, charging an unlawful sale of intoxicating liquor, should be sustained, because the conviction under that count was in no wise dependent upon the evidence procured by the unlawful search and seizure. The appellant has assigned no error as to any ruling affecting the conviction under the first count, but simply contends that the entire judgment must be reversed because, the court entered a joint or general judgment under counts 1 and 2 of the information. This latter contention cannot be sustained. Gee Woe v. United States (C. C. A.) 250 F. 428; Kuehn v. United States (C. C. A.) 8 F.(2d) 265.

The judgment imposing a sentence of imprisonment of four months under the first count of the information is therefore affirmed, and the judgment on the remaining counts is reversed.