## West v. Commonwealth.

(Decided May 31, 1938.)

W. R. JONES for appellant.

HUBERT MEREDITH, Attorney General, and WM. F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Mark West has been convicted of the crime of chicken stealing, and sentenced to a term of one year in the state penitentiary. On this appeal he argues that the verdict is flagrantly against the evidence, and the trial court erred in admitting incompetent evidence.

In December, 1931, eighteen chickens were stolen from John Sheperd in Pulaski County. About 7 o'clock

in the morning, after the chickens were stolen, Charlie Cundiff met E. H. Weddle, a deputy sheriff, on the street in Somerset, and told him that two men were in an automobile parked on a side road near the pump house about one mile from Somerset. He asked Weddle to go out to the pump house and make an investigation. Accompanied by Walter G. Hines, another deputy sheriff, Weddle drove out to the point on the road where the car was parked. In the car were Mark West and Rex Walls. The car belonged to Walls. Hines testified as follows:

"This occurred, as I recall it in December; Mr. Weddle came to where I was working on a house and told me that it had been reported to him that two boys were in a car out by the pump house, and maybe we ought to go out and see if there was any trouble, or to see what they were doing out there; I don't remember just what he said, but anyway we went out to see what they were doing. As I remember he said the car had been there some time, or that was the information he had; so we went out there to where the car was; so we asked them what they were doing out there or something to that effect, and I had a little conversation with them; and while we was standing there talking, I saw some chickens in the back end of the car; so I just walked back there and raised up the back of the car; it was a roadster; so we told them we'd have to arrest them; Mr. West over there walked around the car and said there was some trouble with one of the tires, that it had too much air in it or not enough, I don't remember just what he said, anyway there was something wrong with the tire; I was on the left side of the car and he was over on the other side, and he ran off through the field. Mr. Weddle ran after this boy, and I kept the other one there at the car, I believe I had him to sit down; West went right on through the creek and Mr. Weddle stopped there and come back where I was with the other boy."

The chickens were later identified by Sheperd as the ones that had been stolen. Walls was indicted and entered a plea of guilty, and was sentenced to a term of five years' imprisonment, which he served. Appellant went to Ohio, where he remained until he was apprehended in September, 1937. He testified that he left his

father's home early in the morning in question, intending to go to Somerset to take a bus to Cincinnati. Walls overtook him on the road, and asked him to get in the car. Walls had a bottle of whiskey, and he drove the car down the side road to the pump house to take a drink. Appellant claimed that he did not know the chickens were in the car until they were discovered by the officers. He explained his flight by stating that he had theretofore been convicted of a felony and had been released from Greendale Reform School on parole, and that he believed he would be returned to Greendale if arrsted on the charge of chicken stealing. Walls testified that he stole the chickens during the night, and that appellant had nothing to do with the theft. Appellant was in the car in which the stolen chickens were being transported, and, on their discovery by the officers, he fled, left the state, and evaded arrest for more than five years. Flight of a person charged with crime is a relevant circumstance tending to establish guilt, and evidence thereof is competent in a criminal prosecution and is to be considered with all other evidence in the case. Booher v. Com., 266 Ky. 809, 100 S. W. (2d) 830; Smith v. Com., 242 Ky. 399, 46 S. W. (2d) 513; Hudson v. Com., 214 Ky. 578, 283 S. W. 1034. The evidence was sufficient to sustain the verdict.

The court permitted Walter G. Hines, over appellant's objection, to testify that Walls had entered a plea of guilty to a charge of chicken stealing and had received a five-year sentence in the penitentiary. Ordinarily, the admission of such evidence is prejudicial error, but appellant cannot complain, since he had theretofore brought out exactly the same facts on the cross-examination of Weddle. On the cross-examination of Weddle, who testified before Hines was called as a witness for the commonwealth, the witness was asked these questions and made these answers:

"Q. Walls has already been tried? A. Yes, sir.

"Q. Do you know what his plea was to this charge? A. I think he pleaded guilty.

"Q. Do you know what his punishment was? A. He got five years, I believe."

The appellant introduced Walls as a witness in his behalf, and, on direct examination, asked him if he entered a plea of guilty to a charge of chicken stealing

and was sentenced to five years' imprisonment in the penitentiary, and the witness answered in the affirmative. Under these circumstances, appellant was not prejudiced by the testimony of Hines.

Appellant finally contends that, at the time the chickens were taken from the car in which he was riding, the arresting officers did not have a search warrant, and the evidence obtained by the illegal search was incompetent and should have been excluded. One of the officers testified that he heard the chickens squalling in the car, and saw them in the rear part of the car, which was a roadster, before he raised the lid and counted them. In any event the evidence was competent as to appellant, since he was not the owner of the car which he claims was illegally searched. In Gilliland v. Com., 224 Ky. 453, 6 S. W. (2d) 467. it was said (page 468):

"The constitutional provisions of both the state and Federal Constitutions [Const. Ky. sec. 10; Const. U. S. Amend. 4] against unreasonable and unlawful searches without a search warrant, and the consequent incompetency of the testimony discovered thereby have no application to unlawful searches of the premises or possessions of another than the defendant, since such provisions were adopted for the purpose of securing one's right of unmolested privacy in his occupied premises and his freedom from disturbance of his possession of the articles and things forbidden by such provisions to be searched without a warrant therefor."

To the same effect are Vogler v. Com., 255 Ky. 511, 75 S. W. (2d) 11; Wiley v. Com., 246 Ky. 425, 55 S. W. (2d) 41; Lewis v. Com., 242 Ky. 628, 47 S. W. (2d) 66; Carter v. Com., 234 Ky. 695, 28 S. W. (2d) 976.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.