## Anderson v. Commonwealth.

May 5, 1950.

William J. Baxter, Judge.

Tom P. Senff, J. T. Bowser, Jr. and Thomas A. Waller for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Affirming.

Three grounds are submitted for a reversal of the judgment convicting the appellant, S. B. Anderson, of stealing chickens worth more than $2, KRS 433.250(4). and a sentence of one year in the penitentiary, viz. (1) the evidence of officers that they found the stolen fowls in possession of the defendant and his companions was inadmissible because of the absence of a search warrant; (2) there was insufficient corroboration of the accomplice; and (3) prejudicial error in permitting two witnesses to testify in rebuttal.

The appellant and three other men got together on Saturday night, September 3, 1949, and started out in Kirk Martin's car on a drinking and stealing expedition. They were scared away from one or two places by barking dogs. Martin, testifying for the Commonwealth, stated that he, Anderson and M. S. Barnes got out of the car and stole the chickens from the home of Mrs. Ada Craycraft while W. S. Updike drove the car down the road. He came back and picked up the men and the loot. Having received "a call" (not explained) two deputy sheriffs found the car, followed it awhile because of its suspicious actions, and then stopped it. One of the officers asked, "What have you got in there?" and Barnes replied, "Look and see." He found the chickens in a sack and asked where they got them, and one of the men replied, "That is for you to find out." That is the proof of the Commonwealth.

The defendant's story was that he and Barnes were given a ride to Winchester by Martin and Updike; that after drinking around town awhile, they went to the home of Mrs. Sara Hampton about midnight and stayed until 2 o'clock. They started walking out the road when, fortunately and without pre-arrangement, Martin and Updike came along and picked them up. They already had the chickens, and neither the defendant or Barnes had anything to do with stealing them.

In rebuttal Paul Brammell and wife testified they had trailed the Martin car for some time because of the

suspicious action of the men in it, and there were four men in the car all of the time. This rebutted the alibi of the defendant.

There are three reasons why the evidence of the officers cannot be successfully challenged. (1) The car belonged to Martin and his guests never had the right to object to its being searched. West v. Commonwealth, 273 Ky. 779, 117 S. W. 2d 998; (2) the defendant Anderson invited the officers to ''look and see,'' and (3) no objection was made to the introduction of the evidence.

The argument that the testimony of Martin, and accomplice, was not corroborated cannot be sustained. The construction of Section 241 of the Criminal Code of Practice that the corroborative evidence must be sufficient in and of itself to convict the defendant is no longer recognized. Beginning with Williams v. Commonwealth, 257 Ky. 175, 77 S. W. 2d 609, the construction of the Code provision has been that corroborative evidence is sufficient if it merely ''tends to corroborate the accomplice.'' Here the defendant was caught in possession of the stolen goods and that alone is sufficient to connect him with the offense.

The rebuttal testimony went straight to contradict the defendant's alibi.

The judgment is affirmed.