Richard PRUITT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 3, 1955.

Rehearing Denied Feb. 24, 1956.

E. R. Gregory, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Richard Pruitt, was convicted of the offense of carrying concealed a deadly weapon, to-wit, a pistol, and sentenced to a term of two years in prison. KRS 435.230. The principal ground urged for reversal of the judgment is that the evidence which connected him with the crime was obtained by an unlawful search.

It appears from the evidence of Harry Ashby and James Hunton, night police officers of the city of Bowling Green, that on the night of April 15, 1954, at about 3:30 A.M., while on duty in a police car at the intersection of Tenth and Adams Streets, they saw a Plymouth automobile pass them which was occupied by Avery Meguiar, "Buddy" Deatherage and Richard Pruitt. Officer Hunton stated that he had a "paper" for Avery Meguiar, which expression we accept in police parlance as meaning that Officer Hunton possessed a warrant of arrest for Meguiar. The officers stopped the Plymouth car and placed Meguiar under arrest. As Meguiar was getting out of his car, he kicked open a blanket which contained numerous packages of assorted cigarettes, cigars and post cards. At that time, according to the officers, they saw a hatful of quarters and nickles on the seat of the car. The officers then placed Pruitt and Deatherage under arrest.

The officers testified that after Pruitt had been placed under arrest, but prior to the time he was removed from the automobile, they saw him slip a pistol from his pocket and attempt to conceal it behind the seat of the car. Upon the appellant's trial, the court held that the testimony of the officers concerning the arrest and the search was competent.

The appellant maintains that the evidence upon which he was convicted was obtained by an unlawful search. U.S.Constitution Amendment 4; Kentucky Constitution, § 10.

In Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303, which is our leading case on the subject of search and seizure, the court distinctly recognizes, as an exception to the rule against search and seizure, that an arresting officer has the right without a warrant to search the person of a prisoner lawfully arrested. And in Turner v. Commonwealth, 191 Ky. 825, 231 S.W. 519, we affirmed a conviction where the arresting officers searched the possessions of the accused without a warrant after his arrest. Therein we held that the search was lawful be-

cause the officers had reasonable ground to believe the accused had committed a felony.

In light of the fact that the officers were authorized to stop the car in which the appellant was riding, and to arrest Avery Meguiar, we think what the officers saw in the automobile under the circumstances shown by the evidence afforded them a sufficient reason to believe that the appellant had committed a felony. Under this view of the case, the officer had the right to arrest the appellant and to conduct the search complained of. Criminal Code of Practice, § 36; Williams v. Commonwealth, Ky., 261 S.W.2d 807.

Another sufficient reason why the appellant cannot raise any valid constitutional grounds against the search of the automobile is because it was not shown that he was the owner of the car. Appellant did not testify during trial, nor was it otherwise shown that he was the owner of the automobile which he claims was illegally searched. See West v. Commonwealth, 273 Ky. 779, 117 S.W.2d 998; Gilliland v. Commonwealth, 224 Ky. 453, 6 S.W.2d 467.

The appellant further asserts that the court erred in failing to submit to the jury, under a proper instruction, the question of whether or not the pistol in question was a deadly weapon. However, the record reflects that such an instruction was given by the court by instruction No. 2, which reads:

"No. 11. A deadly weapon as used in the above instruction is a weapon reasonably calculated to and capable of producing death if loaded or, though unloaded, if the defendant then had at hand or within his control or possession the bullets or shells with which the same might have been loaded."

Judgment affirmed.

MONTGOMERY, J., dissents.