**COMMONWEALTH of Kentucky, Appellant,**

v.

**Chester MARTIN, Appellee.**

Court of Appeals of Kentucky.

June 24, 1955.

J. D. Buckman, Jr., Atty. Gen., Richard L. Garnett, Commonwealth's Atty., Glasgow, for appellant.

William Yancey Handy, Cave City, for appellee.

MOREMEN, Judge.

The Commonwealth has appealed and has asked to have the law certified.

Upon the basis of an affidavit filed, a search warrant was issued by the judge of the Barren County Court. The search warrant described the property as being in Barren County and as follows:

> "A white frame dwelling building on the north side of Ford Street being the fifth dwelling west of 31 W., also the fifth building east of Third Street located on Ford Street, said to be occupied by Chester Martin."

The case came on to be heard before the circuit court upon motion of the defendant Chester Martin to find that the search warrant and the affidavit for the search warrant were insufficient and to order that the evidence obtained under the search warrant should not be admitted in the trial of the action. The motion was sustained and, since the Commonwealth had only that evidence which had been obtained by the

search warrant, the action was then dismissed.

Appellee Chester Martin's contention that the search warrant was insufficient was based upon the fact that Cave City, the name of the town in which the various highways and streets described are located, was omitted from the description. On the trial of the motion, evidence, in affidavit form, was introduced which had the effect of showing that Barren County is a rural community, that a place described as being located on the north side of Ford Street, the fifth dwelling west of Highway 31 W and the fifth dwelling east of Third Street located on Ford Street could be found in only one place in Barren County, and that was in the town of Cave City. There was other evidence that Highway 31 W in Barren County passed through only two towns and they were Park City and Cave City; that there was no Ford Street in Park City or anywhere else in Barren County except in Cave City. The affidavit also disclosed that the location of Chester Martin's home was well-known to the sheriff, his deputies and to all police officers in Barren County and that the officers could take the search warrant and, without further information, go directly to the home of Chester Martin, which was in fact done.

It was held in McMahan's Adm'x v. Draffen, 242 Ky. 785, 47 S.W.2d 716, that to be valid a search warrant must contain a description of the place, person or thing to be searched or seized with such certainty as reasonably identifies it. It was there pointed out that these requirements are guaranteed by the Bill of Rights as expressed in Section 10 of the Constitution of this Commonwealth. However, in a number of cases we have held that great particularity in the description is not necessary if it is sufficiently definite and certain to guide the officers to the proper place.

■ It also has been definitely established that the requirements for a description of premises in rural communities are not as strict as those for urban premises.

It is often sufficient if the owner or the occupant of a house or farm is named and the premises described by reference to another farm or a stream or even a nearby town. In Phillips v. Commonwealth, 206 Ky. 37, 266 S.W. 893, 894, the house to be searched is described:

"'A certain brick and wood frame house located near the Ohio River, east of the city of Owensboro, Daviess County, Ky. * * * The said building is two rooms brick and two or three rooms wood frame, five rooms more or less, being the premises of Ivory Phillips, or under his control, and some other parties unknown to the affiant.'"

The court held this description to be sufficient.

In Buis v. Commonwealth, 206 Ky. 57, 266 S.W. 895, 896, the description is:

"'The house now used and occupied by Oscar Buis as a residence and buildings and premises adjacent thereto. Said residence situated in Casey county, near Humphrey, Ky.'"

This was adjudged to be sufficient.

In Little v. Commonwealth, 205 Ky. 55, 265 S.W. 433, it is said:

"The search warrant, while not as full and complete as it could and should have been, does, we think, sufficiently describe the premises of appellant to enable the sheriff and other officers having the search warrant to find and search the premises and property of appellant. The warrant directed the search of the residence of appellant in Pike county, Ky., located on Indian creek, Shelby. No doubt this was an entirely sufficient description to enable the sheriff of the county to know what was intended. Certainty to a common intent is all that is necessary in the descriptive part of a search warrant."

■ We are convinced that an application of the law, evidenced by previous opinions of this court when applied to the facts developed in the instant case, demonstrates that the search warrant was sufficient.

The law is so certified.