## Patterson v. Commonwealth.

(Decided Nov. 28, 1933.)

W. S. HEIDENBERG and CHESLEY SEARCY for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

G. S. Patterson has been convicted of the crime of knowingly receiving stolen property of a value of more than $20, and sentenced to imprisonment for 4 years. Seeking a reversal of the lower court's judgment, his counsel argue a number of grounds which call for a summary of the evidence.

For some years appellant has been operating a number of secondhand stores, two of which are located in Louisville. Some time between January 20 and January 24, 1932, a fur coat belonging to Mrs. L. L. Dawson was stolen from her residence at Audubon Park in Louisville. Police officers were notified of the theft and furnished with a description of the coat. About June 20, 1932, Fred Burns and Lucile Burns, his wife, were arrested in Louisville, and, because of certain information which the police had acquired, they were taken to one of appellant's stores. A fur coat suiting the description of the one lost by Mrs. Dawson was discovered hanging in plain view, a short distance from the entrance to the store. This and some pistols alleged to have been stolen were taken by the officers and used in evidence on the trial of the case. Mrs. Dawson testified that the coat was the one stolen from her home and was positive in her identification. Mrs. Younger, a prominent and well-known furrier, who had

repaired and cleaned the coat, was equally positive in her identification of it as the coat belonging to Mrs. Dawson. Mrs. Burns testified that she stole the coat from Mrs. Dawson's home and sold it to Mr. Patterson for $15. She likewise identified the coat found in the store and introduced in evidence as the one which she stole from the Dawson residence and sold to Patterson. She was corroborated in her statements as to the theft and disposal of the coat by her husband. Mrs. Dawson testified that the coat was taken between the 20th and 24th of January, stating that she wore it to a social gathering on the 20th and first discovered its loss on the 24th. E. E. Sutton, the father of Mrs. Dawson, testified that he knew his daughter wore the fur coat up until the middle of January when he left for Florida. This evidence is important because appellant testified that he bought the coat offered in evidence on December 29, 1931, from a woman named Darnell. Mr. and Mrs. Burns testified that in November, 1931, they wanted to buy a cheap bicycle for their little girl, and with that in view went to the store of appellant where they purchased one for $6, paying a dollar down to have it held for them. Patterson asked them if they were in hard luck and out of employment, and on receiving an affirmative reply suggested that they take up stealing and proposed to buy the stolen articles from them. At his suggestion they began to steal and sold the stolen articles to Patterson. They testified to having stolen guns, pistols, and other articles from various places, and included in the list as testified to by them were pistols found by the officers in appellant's store. These were identified by their owners, who stated that they had been stolen from them.

Appellant denied that he suggested to Mr. and Mrs. Burns that they steal property or that he entered into any arrangement to purchase stolen goods from them, and denied that he bought a fur coat from them on or after January 20, 1932. He testified that on December 29, 1931, Mrs. Burns approached him and wanted to sell a fur coat, but that he declined to buy it on account of the difficulty of disposing of such articles. She pleaded with him to buy it, and he finally consented to let her have $4 and take the coat in pledge; that he made a report of this as required by statute; and that this is the only report made by him showing the purchase of a fur coat. He testified that he did not know Mrs.

Burns at the time, and she gave her name as Mrs. Darnell, and her residence as 560 South Fifth street. In this he was corroborated by Aaron Shapiro.

Mrs. Darnell was called in rebuttal and testified that between December 25, 1931, and the first of the following year she brought a brown coat with a fox collar to appellant; that the coat had been left by a roomer at her home who had gone away without paying the rent, and that at the time she lived at 560 South Fifth street. Her daughter corroborated her in all details, except as to what occurred while she was away from home. Other matters in evidence will be referred to in disposing of grounds argued for reversal.

It is earnestly argued by counsel for appellant that the court should have sustained his motion for a peremptory instruction to find him not guilty at the close of the commonwealth's evidence and as reviewed at the close of all the evidence, and as a basis for this argument it is argued: (1) That the court should have sustained appellant's objection to the introduction of the coat and the evidence regarding it, because it was procured under unreasonable and illegal search and seizure; (2) because Mr. and Mrs. Burns were accomplices and their evidence was without sufficient corroboration; (3) because knowledge that the property received was stolen is a controlling element in the crime, and the evidence is not sufficient to establish such knowledge on the part of the appellant, since it does no more than create a mere suspicion.

Under section 10 of our Constitution, which was adopted as a guarantee against unreasonable search and seizure, incriminating evidence procured by illegal search and seizure is not admissible against one accused of crime. One of the leading cases so holding is Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303, which is cited and relied on by appellant. This has been cited with aproval and followed in many subsequent cases, and this court has never hesitated to apply the doctrine therein announced when justified by the proven facts and circumstances, but the distinguishing features between the Youman Case and the case at bar are so apparent as to be easily recognized.

Here, the coat offered in evidence was hanging up in a store where the public generally was invited to come and trade. It was exposed to open view where

it could be easily seen by any one entering the store. Not only so, but one of the officers testified that Burns pointed it out to him as a coat that had been stolen. While courts have jealously guarded and protected the rights guaranteed by this and similar constitutional provisions, we have found no case where a court has gone so far as to apply the doctrine announced in the Youman Case and other cases following it in circumstances shown by this record, and we are not inclined to now make such a departure from the established rule.

Under section 241 of the Criminal Code of Practice, a conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the accused with the commission of the crime; and the corroboration is insufficient if it merely shows that the crime was committed and the circumstances thereof.

No question is made as to the instruction given under this section of the Code. It is merely contended that the evidence of Mr. and Mrs. Burns was not sufficiently corroborated. Mrs. Dawson lost her coat, which was later found in possession of appellant. Mr. and Mrs. Burns testified that they stole it and sold it to him. He made no report of it as required by law. Burns pointed it out to the police officer as a coat that had been stolen. This and the evidence as to other property which Mr. and Mrs. Burns admit they stole and which was found in the possession of appellant, as well as the evidence regarding the Darnell coat, strongly corroborates them in practically every particular and unquestionably demonstrates the lack of merit in this contention. Not only so, it is equally effective to establish guilty knowledge and intent upon part of appellant.

Question is made that the court erred in admitting evidence of witnesses introduced to impeach appellant. Section 597 of the Civil Code of Practice, which applies alike in criminal cases, prescribes the character of impeaching evidence that may be introduced. When appellant offered himself as a witness and testified in his own behalf he put his reputation for truth and veracity in issue, and a careful review of the evidence of the impeaching witnesses and the admonition given by the court reveals that the evidence was limited to his reputation or traits of character in this respect. True, one

witness was asked about his reputation for peace as well as for truth, etc., but the witness only answered as to his reputation for truth and veracity. Appellant was asked if he had been convicted of a felony, and answered in the affirmative. This evidence was properly admitted under the Code provision. On the whole it is manifest that the court did not err in the admission of evidence offered for the purpose of impeachment.

Argument is made that the court erred in overruling appellant's motion to set aside the swearing of the jury and continue the case made at the close of the opening statement of the commonwealth and supported by affidavit of appellant. In the affidavit it is stated that the fur coat referred to in the opening statement made by the attorney for the commonwealth was purchased on or about the 29th day of December, 1931, and was immediately reported to the detective department of the city of Louisville; that in his opening statement the attorney for the commonwealth said the coat was not stolen until after January 20, 1932, and that no report of it was made to the detective department; that the coat was not in fact in the possession of Mrs. Dawson after December 29, 1931, and if given reasonable continuance he would be able to establish this fact by numerous witnesses; that he had no notice or knowledge that it would be contended that Mrs. Dawson had the coat in possession after December 29, 1931.

It appears in the record that there is nothing to indicate when this affidavit was filed; however, it is stated in the bill of exceptions that the motion was made and the affidavit filed at the close of the commonwealth's attorney's opening statement to the jury, and that the motion was thereupon overruled. But it is not made to appear in the bill of exceptions or otherwise that any objections were made or exception saved to the court's action in overruling the motion. However, if proper exceptions had been made, it is apparent that no prejudicial error was committed in this particular.

Ordinarily the commonwealth is under no duty to give information to the accused as to what proof will be introduced, except such as is conveyed through the charge set out in the indictment. Lewis v. Commonwealth, 190 Ky. 160, 227 S. W. 149; Curry v. Commonwealth, 74 S. W. 1077, 25 Ky. Law Rep. 281; Hagan v. Commonwealth, 179 Ky. 201, 200 S. W. 336.

In the case of Eaton v. Commonwealth, 230 Ky. 250, 19 S. W. (2d) 218, in effect it was held that it was not error to overrule defendant's motion for continuance on the ground that he was surprised by evidence referred to in the commonwealth's attorney's opening statement to the jury, where there was no affidavit supporting such motion and showing the nature of the alleged surprise, and how and by what witnesses the new evidence of which he had been apprised by the statement would be rebutted.

Clearly the affidavit in this instance does not meet the requirements indicated in the Eaton Case. In the light of the foregoing authorities and facts and circumstances shown by the record, we are constrained to hold that the court did not err in overruling the motion for continuance.

It is finally argued by counsel for appellant that even if the evidence was sufficient to authorize the submission of the case to the jury there was no evidence to show that the coat alleged to have been stolen was of a value of more than $20, and therefore only a misdemeanor instruction should have been given. Mrs. Dawson was not permitted to answer a question asked her as to the value of the coat, and Mrs. Younger, the furrier, testified in the main as to the value of the coat, when or if new, stating that she had never dealt in secondhand furs. The evidence shows that a short time before the coat was stolen it had been repaired at a cost of something more than $60, and Mrs. Younger testified that it was evidently worth the repair bill. Mr and Mrs. Burns testified that appellant paid them $15 for the coat, and the evidence shows that it was in good condition when it was purchased by appellant. The coat was offered in evidence and exhibited to the jury. While the evidence as to the value of the coat was not as positive and direct as it might have been, there is no escape from the conclusion that it was sufficient to warrant an instruction authorizing a conviction for the higher degree of the offense denounced by the statute. Ky. Stats. sec. 1199.

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.