JOHN F. DORIS *vs.* ALBERT HEROUX.

June 6, 1946.

PRESENT: Flynn C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This petition in equity in the nature of *quo warranto* was brought, under general laws 1938, chapter 585, to determine the right of the petitioner, John F. Doris, to be a member and also the clerk of the board of canvassers and registration of the city of Woonsocket. The respondent,

Albert Heroux, is presently occupying and claiming that office.

The facts alleged in the petition are not denied by the respondent and the parties also have filed a stipulation as to certain other agreed facts, among which the following are important: The enabling statute, public laws 1929, chapter 1497, amending P. L. 1926, chap. 924, authorizes the city council of Woonsocket to elect a board of canvassers and registration and provides that the three members thereof "shall continue to hold their respective offices until their successors are elected and qualified. In case a vacancy shall occur in said board for any cause, said vacancy shall be filled by the city council sitting in joint convention for the unexpired term." It further provides: "The member of said board elected in the month of January in the year 1935, and every six years thereafter, shall be clerk of said board. One member of said board, other than the clerk thereof, shall be elected by said board as presiding officer. One member of said board shall be a quorum for the purpose of receiving registration, and two members shall constitute a quorum for all purposes." No substantial change in these provisions has been made excepting that now election is had by "concurrent vote" of the two boards in the city council. P. L. 1931, chap. 1854.

The petitioner was elected on January 6, 1941 by the city council of Woonsocket to be a member and also the clerk of the board of canvassers and registration of that city for a period of six years, beginning on the first Monday in February, 1941. On January 29, 1941 he duly qualified as a member and clerk of said board and continued to perform the duties thereof until January 25, 1943. On that date he was inducted as a private into the United States army by virtue of the act of Congress known as the "Selective Training and Service Act of 1940". Subsequent to his induction, however, he participated in the board's action and acted as clerk thereof at the meeting of May 14, 1943. Thereafter he continued in the service of the United States army until March

1, 1946, when he was honorably separated therefrom according to law. The petitioner never resigned from his office and was never removed therefrom, after a hearing, for any cause.

On January 4, 1943 respondent was elected by the city council to fill a vacancy caused by the resignation of Albert Bell, another member of the board, whose original term would expire on the first Monday in February 1945. On March 2, 1944 the mayor of the city appointed him "as temporary clerk" of said board "to fill a vacancy in said office . . . said vacancy occurring while the city council was not in session." On January 15, 1945 he was elected and chosen as a member and clerk of said board for two years, beginning on the first Monday of February, 1945 without reference to any vacancy or unexpired term. During the absence of the petitioner, the respondent has performed the duties of member and clerk of said board and now has refused to permit the petitioner to resume the rights and privileges of that office. The petitioner is in no way physically or mentally disqualified from performing such duties and has given written notice to all interested parties that he is claiming the right to be restored completely to the office which he held before his induction into the United States army.

The petitioner primarily bases his right to the office in question upon his original election by the city council on January 6, 1941 for a definite term of six years, beginning on the first Monday of February, 1941. He also contends that he is entitled in any event to be restored thereto by virtue of the provisions of P. L. 1941, chap. 987. That statute in substance requires that any person regularly employed by the state or any political subdivision thereof at the time of his induction into the land forces of the United States, under the Selective Training and Service Act of 1940, "shall at his request be restored to his said employment or to a position of like seniority, status and pay unless said certificate and statement shows that he is physically or mentally disqualified from performing the duties of said employment."

The respondent concedes the original election of the peti-

tioner to this office but says that a vacancy therein was created as a matter of law by his abandonment of it and that he, the respondent, was properly elected thereto on January 15, 1945, to fill that vacancy for the petitioner's unexpired term. He further contends that, even if no such vacancy was created, the petitioner was not an employee who would be entitled to the benefit of chap. 987 and that, if he is so entitled, he has been offered another position of equal status as provided for in that statute. .

In our opinion the admitted facts in the record before us do not require the conclusion, as a matter of law, that a vacancy in this office was created by the petitioner's alleged abandonment thereof. Generally speaking, abandonment is the voluntary relinquishment of a known right. Assuming, as respondent contends, that a person's intent to relinquish his right to a public office like this need not be expressly proved but might be inferred in a proper case, it is clear nevertheless that the facts and circumstances relied upon to support such an inference must be proved and should show more than a temporary disability or mere involuntary failure to perform the duties of the office. It is generally held that abandonment of a public office contemplates an intent on the officer's part to completely and permanently relinquish or give up his right to the office itself. See *State ex rel.* v. *Huff*, 172 Ind. 1; *Finnegan* v. *Miller*, 38 A. 2d (N. J.) 854; *Bergerow* v. *Parker*, 4 Cal. App. 169.

In the instant case the petitioner admittedly was elected for a definite term of office from which he has never resigned. No self-operating provision of the constitution is involved. If the city council had intended, under its statutory powers, to fill a vacancy in this office, on the ground that such vacancy was created by the petitioner's alleged abandonment, it was necessary for them first to establish, at a proper hearing, that the petitioner had in fact abandoned his office. A person who has been elected to a public office for a definite term can be removed therefrom only by due process of law,

which contemplates a proper hearing after due notice to the officer. *Brule* v. *Board of Aldermen*, 54 R. I. 472.

The admitted facts here show that no notice was given to the petitioner that action was contemplated by the city council to vacate his tenure of office for any cause. Nor was any hearing held by it to establish that a vacancy was created by the petitioner's alleged abandonment of his office or for any other cause. Further, no determination to that effect was expressly made by the city council. Under these circumstances it is clear that no vacancy in this office, allegedly created by the petitioner's abandonment thereof, was ever established in accordance with due process of law. It therefore follows that, as between these parties, the petitioner is entitled to be a member and clerk of the board of canvassers and registration of the city of Woonsocket for the remainder of the term for which he was elected.

This conclusion makes it unnecessary for us to consider the other contentions of the parties relating to the interpretation and applicability of P. L. 1941, chap. 987, and the many cases cited from other jurisdictions in connection with similar statutes.

The petitioner's prayer for relief is granted, and on June 19, 1946, the parties may present to this court for approval a form of decree in accordance with this opinion.

*Francis I. McCanna, Francis A. Kelleher,* for petitioner.
*Nickerson H. Taylor,* City Solicitor, *William A. Needham,* for respondent.