# Willoughby v. Commonwealth

June 16, 1950.

Chester D. Adams, Judge.

Strother Kiser for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Reversing.

The conviction is of the offense of ''receiving, making, transmitting or negotiating'' bets on horse races, commonly called operating a handbook, with a penalty of six months imprisonment. KRS 436.490. The appellant seeks a reversal of the judgment upon the ground

that the conviction was based upon evidence procured through an unlawful search of premises in his possession. Sec. 10, Kentucky Constitution; Fourth Amendment, U. S. Constitution.

Police officers Hoskins and Hale received information that a handbook was being operated at 112 South Mill Street in Lexington. They entered an open door, went upstairs and knocked on a door, which was opened by a man named West. When Hoskins had about stepped across the threshold, West recognized Hale behind him and undertook to close the door, but was prevented by force, and the two officers entered. There was no evidence of any violation of the law in that room, but through an open door they saw a counter on which were a telephone and betting slips, etc. with several men gathered around. Hoskins asked the defendant, Willoughby, if he was operating the handbook, and he replied that he was. He was placed under arrest and a lot of racing forms and betting slips were seized as evidence. The defendant's objections to all the testimony were overruled.

The accused does not deny his guilt of violating a law enacted to protect the people from the offense of gambling in one of its worst forms. At the same time he claims the protection of the law in order that he might escape punishment. This somewhat anomalous and inconsistent attitude—absolute disregard for one law and using another as a shield of defense—is a right which our benevolent government recognizes. The justification is that the right to protection from unlawful action by police officers in invading the privacy of a citizen and violating his security from unreasonable search is paramount. This is one of our greatest bulwarks of liberty. It is better that now and then a guilty man escape punishment than that this shield be impaired. As was recently observed in Johnson v. United States, 333 U. S. 10, 68 S. Ct. 367, 369, 92 L. Ed. 436, "Crime, even in the privacy of one's own quarters, is, of course, of grave concern to society, and the law allows such crime to be reached on proper showing. The right of officers to thrust themselves into a home is also a grave concern, not only to the individual but to a society which chooses to dwell in reasonable security and freedom from surveillance. When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided

by a judicial officer, not by a policeman or Government enforcement agent.''

There can scarcely be a formula by which to determine exactly the legality or illegality of a search where the question is close and each case must be decided on its own facts. Bowles v. Joseph Denunzio Fruit Co., D. C., 55 F. Supp. 9. The evidence cannot be held admissible upon the idea that the defendant admitted his operation of the gambling establishment. The incriminating facts which induced the question were not seen by the officers from a place where they had the right to be, particularizing, through the door opened by West from the hallway, and before they had forced their way into the room next to that where the actual operations were going on, so that it could be said the offense was committed in their presence as was the case in Bowling v. Commonwealth, 193 Ky. 642, 237 S. W. 381 and in Patterson v. Commonwealth, 252 Ky. 285, 66 S. W. 2d 513. Search without a warrant before arrest must be justified on conditions preceding and not after the arrest. Compare McMahan's Administratrix v. Draffen, 242 Ky. 785, 47 S. W. 2d 716. Had the defendant first admitted his violation of the law and then and there been placed under arrest, we would have a different situation in respect to the search of the premises.

The Commonwealth also relies on the rule that immunity from unreasonable search, or from prejudicial consequences of an illegal search, is personal, and protection may be asserted only by one whose rights are violated. Ordinarily he is the owner, lessee or lawful occupant of the premises. The rule is on the idea that a defendant cannot object to the search of premises of a third party. We have recognized it in a number of cases. West v. Commonwealth, 273 Ky. 779, 117 S. W. 2d 998. In the present case not only did the defendant, Willoughby, then claim to be in charge of the premises but has been, in fact, convicted of being in charge of the place.

We are of opinion, therefore, that the evidence was incompetent, because procured by an illegal search. Without such evidence, there was not enough to take the case to the jury and a peremptory instruction of acquittal should have been given.

Judgment reversed.