**Harold JOSEPH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 8, 1959.

Claude P. Stephens, Prestonsburg, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Harold Joseph was convicted of illegally possessing alcoholic beverages. He was fined $20 and was sentenced to sixty days' confinement in jail. He has moved for an appeal, and urges that incompetent evidence obtained as a result of an illegal search was admitted.

Epp Lafferty, chief of police in Prestonsburg, observed Joseph driving a motor vehicle in excess of the speed limit. Lafferty, accompanied by Bill Little, not an officer, gave chase. It ended when the car driven by Joseph overturned on Bull Creek. Joseph and another occupant of the car, James Lucas, fled "with pokes in their hands." Lafferty fired two shots into the air which served to accelerate rather than decelerate the pace of the fleeing. Joseph was arrested on a warrant the next day and fined for speeding in a motor vehicle.

It was found that the "poke" carried by Lucas contained liquor. Joseph testified that his "poke" contained "pants."

After abandoning the chase, the police officer and his companion returned to the overturned car, obtained the trunk key, unlocked the trunk, and found between seventeen and twenty-five half pints of gin and whiskey therein. Joseph contends that the introduction of this evidence was erroneous since it was obtained by an unlawful search without a search warrant and not incident to a lawful arrest.

It must be conceded that there was no search warrant or warrant of arrest. The efforts of the police officer were insufficient to constitute an arrest since Joseph was not placed in restraint and did not submit to custody. Criminal Code of Practice, Sections 39 and 42. The search cannot be justified as having been made incident to a lawful arrest; thus, the search and seizure were unlawful. The evidence so obtained was inadmissible. Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303; Ingle v. Commonwealth, 204 Ky. 518, 264 S.W. 1088; and Commonwealth v. Phillips, 224 Ky. 117, 5 S.W.2d 887.

It is argued for the Commonwealth that Joseph cannot object to the illegal search since he was not the owner of the car and since he had fled from it. The uncontradicted testimony is that Dave Hughes, owner of the car, had entrusted it to Joseph for the purpose of conveying Lucas to his home. Joseph was in the

process of doing this when Lafferty gave chase.

The protection of the constitutional provision forbidding unlawful searches and seizures extends to the person in possession or control of the property. Combs v. Commonwealth, 242 Ky. 793, 47 S.W.2d 725; Willoughby v. Commonwealth, 313 Ky. 291, 231 S.W.2d 79; Powell v. Commonwealth, Ky., 282 S.W.2d 340. The owner of the car in which the gin and whiskey were found had placed Joseph in possession and control of the car. This possession and control continued in Joseph in the absence of a voluntary relinquishment. Doris v. Heroux, 71 R.I. 491, 47 A.2d 633. Under the circumstances of this case, there was not a voluntary relinquishment of possession or control of the car. Joseph continued in constructive possession until the car was returned to the owner and may properly claim the protection of the constitutional prohibition.

The motion for an appeal is sustained, and the judgment is reversed with direction to grant a new trial.