**Ward FIELDS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 24, 1963.

As Modified on Denial of Rehearing June 28, 1963.

Louis V. Mangrum, Mayfield, for appellant.

John B. Breckinridge, Atty. Gen., James G. Osborne, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Ward Fields, was convicted of knowingly receiving stolen property (KRS 433.290) and sentenced to two years' confinement in the penitentiary. He states the following grounds for reversal: (1) It was error to admit evidence obtained in unreasonable search and seizure of his property. (2) The trial court erred in admitting certain evidence. (3) The competent evidence admitted was not sufficient to sustain a verdict of guilty. (4) Certain remarks made by the court during the trial were prejudicial. (5) The argument of the Commonwealth's attorney was improper. (6) The instructions were erroneous.

The sheriff of Graves County, a deputy and two investigators of the Alcoholic Beverage Control Department searched the premises of appellant, Ward Fields. The search warrant is not in the record, but the affidavit upon which it was issued, is. It is stated that the affiant had purchased one half pint of whiskey from Ward Fields at his residence. It is further stated that beyond a reasonable doubt appellant now has alcoholic beverages in his possession for the purpose of sale in local option territory. The Commonwealth concedes that the search warrant was issued for the purpose of searching for and seizing alcoholic beverages which were being held on the premises for resale in local option territory. The A B C men testified that they had come for the sole purpose of searching for illicit beverages. The sheriff testified that they had knowledge of recent break-ins in the community when tires and cigarettes, among other items, had been stolen. During the search the liquor was found. The officers also found two automobile tires, about a hundred and ninety-seven packages of various brands of cigarettes, several shotguns and some shotgun shells. At the trial the tires were positively identified by serial numbers by the owner of the store from which they had been stolen. The defendant, who testified on his own behalf, gave an unsatisfactory explanation of how the items had come into his possession. He stated that he had purchased the tires from a man whom he could not identify and that he bought the shotgun shells and the cigarettes from another man whom he did not know.

The question of whether the search in this case was an unreasonable one offers some perplexity because the courts are not uniform in their conclusions. In one of the leading cases on this subject, Harris v. United States, 151 F.2d 837, 169 A.L.R. 1413, it was said:

"While a search in violation of the constitution is not made lawful by what it brings to light, Byars v. United States, 273 U.S. 28, 29, 47 S.Ct. 248, 71 L.Ed. 520 neither is a search which is valid in its inception made unlawful merely because it uncovers evidence of a crime not contemplated by such search. Gouled v. United States, 255 U.S. 298, 311, 312, 41 S.Ct. 261, 65 L.Ed. 647; Matthews v. Correa, supra [2 Cir., 135 F.2d 534]; Shelton v. United States, 7 Cir, 50 F.2d 405; United States v. Kirschenblatt, supra [2 Cir., 16 F.2d 202, 51 A.L.R. 416]; United States v. Charles, D.C., 8 F.2d 302; Milam v. United States, 4 Cir, 296 F. 629. 'The important thing is that the search which turns up the offense must itself have been legal.' "

It appears that in most cases, before un-described property may be seized, the article itself must be in the nature of contraband, such as burglary tools, devices which may be used only for illegal gambling, counter-feiting equipment, et cetera. In Cofer v. State, 152 Miss. 761, 118 So. 613, where a search warrant was issued commanding the search of a person's dwelling for con-traband liquor and the officers also seized shotgun shells found on the premises, the court held that such seizure was unreason-able because the possession of such shells was not illegal per se. The same court, however, in a later case (Williams v. State, 216 Miss. 158, 61 So.2d 793) said:

"In the instant case, the officers were lawfully upon the premises. They found the stolen property, the posses-sion of which was illegal and the equiv-alent of 'contraband' or of a contraband nature. They seized the property un-lawfully in appellant's possession. The seizure was an incident of a lawful search, during which the officers found the stolen property. See 9 Words and Phrases, p. 206, and Pocket Parts, p. 66, and 17 C.J.S., pp. 288–289 (defining 'contraband'). Where entry upon the premises is lawful, as was the one here, contraband open to observation may be seized. 79 C.J.S., Searches and Sei-zures, § 17, states that 'Among those articles the possession of which has been declared to be illegal per se, and the seizure of which is not within the constitutional guaranty, are * * * stolen property * * *.' State v. Hawkins, Mo.Sup.1951, 240 S.W.2d 688; Patterson v. Commonwealth, 1933, 252 Ky. 285, 66 S.W.2d 513."

In Pigg v. Commonwealth, Ky., 284 S.W. 2d 670, where appellant had appealed from a judgment convicting him of possessing liq-uor for sale in dry territory, the facts were as follows: The liquor was discovered by an income tax investigator of the Kentucky Department of Revenue while he was in the process of searching Pigg's home, with his consent, for evidence of income tax evasion, such as concealed assets. It was contended that there was no consent given to search for intoxicating liquors and there-fore the search was illegal and the evi-dence obtained by the search was inadmis-sible. It was concluded that the search was legal and the evidence was admissible. The court overruled the case, Veal v. Common-wealth, 199 Ky. 637, 251 S.W. 648, where a contrary view, under similar facts, was expressed.

While in the foregoing case the officer did not enter the residence under a search war-rant, it was permissive and therefore legal and the contraband which was found was admitted in evidence. We believe the same theory applies to the instant case and the evidence obtained was admissible. The possession of stolen goods in itself presents a prima facie case of guilt. KRS 433.290.

On the trial of the case, Mr. Dublin from whom the tires found at appellant's residence were alleged to have been stolen identified the tires by serial numbers and was permitted to testify that he obtained the numbers from the invoices of the com-pany in Tennessee which had sold them to him. Appellant contends that the original

invoices should have been produced. This same question was raised in Bower v. Commonwealth, Ky., 357 S.W.2d 333 and it was decided that upon a collateral issue, such as we have here, the best evidence rule does not require that the record be produced. The question is fully discussed in that opinion and will not be repeated here.

 Appellant's argument that the evidence was not sufficient to sustain the verdict of guilty is largely based upon the supposition that the evidence as to the serial numbers should have been excluded. However, we have examined the transcript of evidence carefully and are convinced that the evidence introduced was sufficient to sustain the conviction.

 During the opening statement in behalf of the Commonwealth, this occurred:

"The Sheriff, as I said, accompanied them. When they made the search they found a large quantity of whiskey.

"BY MR. MANGRUM: Your Honor, we object to this; it's irrelevant to this case.

"BY THE COURT: Do what?

"BY MR. MANGRUM: We object because that's irrelevant to this case.

"BY THE COURT: Irrelevant?

"BY MR. MANGRUM: That's right.

"BY THE COURT: I don't think so.

"BY MR. MANGRUM: This case doesn't involve whiskey in any way.

"BY THE COURT: You ought to be Circuit Judge; you know all these things. Overruled. Go ahead."

Although we believe the personal observation about counsel made by the court was inappropriate and unnecessary, we are of opinion that, under the circumstances, it was not prejudicial.

Appellant also contends that the Commonwealth's attorney's closing argument was improper because in three respects it was not based upon the evidence in the case, and expressed a personal opinion of guilt. We have carefully examined these remarks and find the first was proper argument, the second was meaningless, and the third (expressing personal conviction) could not have been prejudicial to appellant's substantial rights.

Appellant finally complains that the instructions were erroneous, but has pointed out to us no specific instance where they were incorrect and we have discovered none.

The judgment is affirmed.