Elmer HAHN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 1, 1970.

Rehearing Denied June 12, 1970.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, Edwin H. Henry, Covington, for appellee.

STEINFELD, Judge.

Appellant, Elmer Hahn, the licensee of a tavern in Covington, Kentucky, was found guilty of violating KRS 436.250 on trial without a jury. That statute prohibited permitting gambling on premises under his control. He was fined the maximum amount of $500 and costs. His motion for appeal was sustained. Having considered the questions raised, we affirm.

On or about August 3, 1969, police received a trouble call that a fight was in progress at appellant's premises. Upon entering, the officers observed through an open door a back room where four men were sitting around a table. The table had money on it and the positions of the cards indicated they were playing a poker game. The cards and money were confiscated and the players were arrested.

Hahn contends on appeal that the prosecution failed to prove a violation of KRS 436.250, saying that no evidence was presented that money was won or lost. Furthermore, that he was entitled to an instruction as to whether he had knowledge that there was gambling on his premises. He relies on Claxton v. Com., 221 Ky. 207, 298 S.W. 702 (1927) and Commonwealth v. Estes, Ky., 121 S.W. 423 (1909). We conclude that neither case supports his argument.

It was unnecessary for the Commonwealth to prove money was won or lost, or that accused had knowledge of the betting, at the specific moment of the observation. In 38 Am.Jur.2d 195, Gambling § 119, it states:

"* * * Thus, it has been said that the gravaman of the offense of keeping a gambling place is furnishing the facilities for gaming activities, and it is immaterial that betting actually took

Louis W. Gorman, Richard R. Slukich, Covington, for appellant.

place or that money actually passed." Also see Sesso v. U. S., 77 App.D.C. 35, 133 F.2d 381 (1942).

In Wakefield v. Com., 7 Ky.Law Rep. 295, 7 Cr.Law Mag. 385 (1885), we held it was unnecessary to allege or prove that the accused had knowledge of the betting in order to authorize a conviction under an earlier statute prohibiting gaming on premises under his control.

Even if knowledge of gambling was required to be shown, we hold that knowledge of betting on the premises under Hahn's control could have been inferred from the circumstances. In Lancaster Hotel Co. v. Com., 149 Ky. 443, 149 S.W. 942 (1912), we wrote:

"* * * it is argued that it was not shown by a single witness that * * * the manager * * *, or any officer, director, or employe of the hotel, was ever present when the gaming was going on; * * *. The rule is * * * that the defendants must have * * * permitted the game with the knowledge that money was being bet, won or lost * * * or the evidence must show some facts or circumstances by which the jury might infer such knowledge. Bunnell v. Commonwealth, [Ky., 99 S.W. 237] supra."

Appellant further argues that to sustain a conviction for violating KRS 436.250 an instruction must be submitted to the jury as to whether appellant had knowledge that betting was being done on the premises under his control. This argument is spurious because appellant waived his right to a trial by jury.

Appellant claims that his premises were entered and searched in violation of his constitutional right to be secure against unreasonable searches and seizures under the Fourth Amendment of the United States Constitution because the police conducted a search of his premises without a warrant. He attaches importance to the absence of testimony which indicates there was a fight on his premises. Appellant ad-mits, however, that police have a right to go in any public place, but contends that they have no right to conduct searches and enter storage areas without a proper search warrant.

In Willoughby v. Com., 313 Ky. 291, 231 S.W.2d 79 (1950), we stated: "* * * there is no formula by which to determine exactly the legality or illegality of a search where the question is close, and each case must be decided on its own facts. Const., § 10; U.S.C.A., Const. Amend. 4." The officers entered the barroom, a public place, in answer to a call for help. From the barroom they observed in an adjoining room a card game in progress with money on the table. Foster v. Com., Ky., 415 S.W.2d 373 (1966), repeated what we had said in Wilson v. Com., Ky., 258 S.W.2d 497 (1953), to-wit:

"It is equally fundamental that the constitutional guaranty which affords protection from an illegal search does not prohibit a seizure without a search warrant where there is no need of a search; that is, where the objects sought are visible, open and obvious to anyone who even casually looks around." (See on the subject of search, Clark v. Commonwealth, Ky., 388 S.W.2d 622 (1965) and Lane v. Commonwealth, Ky., 386 S.W.2d 743 (1965).

The "open view" search was reasonable and all the fruits of the search were admissible in evidence. Little v. Com., Ky., 438 S.W.2d 527 (1968), and Rogers v. Com., Ky., 432 S.W.2d 405 (1968).

Hahn asserts that the testimony of the Commonwealth did not show him to be the owner, lessee or the licensee of the room in which the card game was being played. He argues that the lack of such proof is fatal. The testimony showed that the "card room" was adjacent to, and entered from the licensed premises. The offense embraced within the provisions of KRS 436.250 is one occurring "* * * on premises in his occupation or under his control." The physical facts indicated that

the card room was under his control. We consider the evidence to have been sufficient. Cf. Beets v. Commonwealth, Ky., 437 S.W.2d 496 (1969).

■ Within a period of six months preceding his trial appellant had been charged with and convicted of repeated offenses. After the court announced that it had found Hahn guilty it referred to Hahn's court record. Hahn's final argument is that these references led to his conviction and that it was not solely on the evidence presented at the trial, all in violation of his guaranteed rights to due process and equal protection of the law. Hahn had waived a trial by jury, knew of his encounters with the law and that the court also had knowledge of these incidents. He cannot now be heard to complain of the position into which he placed himself.

The judgment is affirmed.

All concur.