**William RUDOLPH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

J. Marshall Hughes, White & Hughes, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

This is an appeal from a judgment convicting the appellant of the crime of storehouse breaking (KRS 433.190) and fixing his punishment at one year in prison.

The only ground relied on for reversal relates to the search of the appellant's automobile. We affirm the judgment.

During the early morning hours of October 31, 1970, the appellant parked his automobile in an alley off East 13th Street in the city of Bowling Green and, according to his version, undertook to locate a party that was being given in a trailer park nearby. Being unable to locate the party,

he says he was on the way back to his automobile when he was stopped by a police officer. He was not able to name the person or persons giving the party. The officer claimed he detected the odor of alcohol and considered appellant to be intoxicated in a public place. He thereupon proceeded to place appellant under arrest. About this time, the officer opened appellant's car door, flashed his light in the back of the car and there observed a pool stick and a box containing a tape player. The appellant was taken to and imprisoned in the county jail.

Some hours later, it was discovered that an insurance office had been broken into. The insurance office was in the same vicinity in which the appellant was found and arrested by the officer. After the release of the news of the breaking and entering of the insurance office and the theft of a tape player, the arresting officer remembered having seen a tape player in the back of appellant's automobile at the time of the arrest for drunkenness. He proceeded to the automobile and removed therefrom the tape player, and it was used on the trial of appellant's case.

Appellant now complains that the search of his automobile and the removal of the tape player violated his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and that the tape player was therefore inadmissible in evidence.

The arresting officer, being at the appellant's automobile at the time of the arrest, had a right to shine his flashlight into the appellant's automobile as a precaution for his own safety. This did not constitute a search of the automobile at that time. Lynn v. Commonwealth, Ky., 408 S. W.2d 639 (1966); Taylor v. Commonwealth, Ky., 394 S.W.2d 895 (1965); and Childers v. Commonwealth, Ky., 286 S.W. 2d 369 (1955).

It should be noted that the officer did not remove the tape player at the time he first observed it, but only after the breaking and entering had been discovered and probable cause existed for removing it from the automobile. The seizure was not unreasonable. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, and Patterson v. Commonwealth, 252 Ky. 285, 66 S.W.2d 513 (1933).

It is concluded that the search, or removal, of the tape player from the appellant's automobile violated no constitutional rights of the appellant and that its introduction in evidence was proper.

The judgment is affirmed.

All concur.