PATTERSON, Presiding Judge.
This is an appeal from a judgment convicting Floyd Griffin of the crime of trafficking in cocaine (Ala.Code 1975, § 20-2-80), and fixing his punishment at 10 years’ imprisonment, 3 years of which would be served in the penitentiary and the remainder suspended pending the good behavior of appellant on probation for 5 years, and a fine of $50,000. The issues raised by Griffin on appeal arise out of the search of his automobile and the seizure of cocaine therein. After denial of appellant’s motion to suppress, he withdrew his not guilty plea, entered a plea of guilty after stipulating to the facts admitting guilt, and reserved the right to appeal the trial court’s ruling on the motion.
On April 5, 1988, officers Tracy Roberts and Washington Vance of the Birmingham police department, while on routine patrol, noticed a new white Ford Mustang convertible automobile without a license plate. It was being driven by Griffin. Officer Vance had previously observed the automobile in the area over a period of several months and on one occasion had talked with appellant about getting a tag. The officers stopped the automobile to investigate the absence of a tag and asked appellant for his driver’s license or some identification. He had neither. Officer Roberts asked appellant his name and the name of the owner of the automobile. Appellant told the officers that his name was Reginald Lane, and that the automobile belonged to his cousin, Floyd Griffin. Officer Vance remembered that when he had previously talked with appellant about not having a tag, the appellant had told Vance that his name was Floyd Griffin. Vance recognized the name Reginald Lane as an alias frequently used by others in the community. Appellant was arrested and transported to the city jail. An inventory search was made of the automobile at the scene, after which the automobile was towed to the city police lot and impounded. No contraband was discovered during the inventory search.
On March 31, 1988, prior to appellant’s arrest and unknown to Officers Roberts and Vance, Officer Beverly Moton Peterson, working as an undercover narcotics officer for the Birmingham police department, had purchased a quantity of cocaine from appellant. She testified that she knew him only as “Jee Jee,” and that he obtained the cocaine which she purchased from a stash which he kept behind the *37 radio in his white Mustang convertible which did not have a license tag. Also prior to the arrest, in an effort to identify the owner of the white Mustang, she said she asked Officer Vance, who she knew was familiar with the area, if he knew the owner’s name. Vance told her that he was familiar with the vehicle but could not remember the owner’s name. He told her he thought he had it written somewhere in his notebook and that he would look and get back in touch with her. He never did.
On the day following appellant’s arrest, Vance informed Peterson that appellant was in jail and that the white Mustang convertible had been impounded and was in the city lot. Peterson informed her supervisor; the automobile was searched with the aid of a narcotics detection dog, without a warrant; and approximately 54 grams of cocaine was found. The cocaine forms the basis for the indictment in this case.
Appellant argues, inter alia, that the second search of his automobile violated the Fourth and Fourteenth Amendments because it was conducted without a warrant. He also contends that the facts do not bring the search within any of the recognized exceptions for warrantless searches. We do not agree. The Fourth Amendment does not require the police to obtain a warrant to search an automobile when they have probable cause to believe it contains contraband or evidence of criminal activity. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). This exception to the warrant requirement rule is based on the inherently mobile nature of an automobile and the decreased expectation of privacy that an individual has in an automobile. California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). This exception applies even if the automobile is parked and stationary when the officers find it. Cady v. Dombrowstci, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).
In Chambers v. Maroney, the Court held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrant-less search of the vehicle, even after it has been impounded and is in police custody. See also United States v. Johns, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985); Michigan v. Thomas, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975).
In Florida v. Meyers, 466 U.S. 380, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984), the Court upheld a warrantless search of an impounded automobile that had already been subject to a legitimate inventory search. For a discussion of the legal principles involved, see W. LaFave, Search and Seizure § 7.5(c) (2d ed. 1987).
In Florida v. Meyers, the Court held that a warrantless search of an automobile which was impounded and in police custody, conducted approximately eight hours after a valid initial search conducted at the time of the defendant’s arrest, was proper. The Court stated that justification to conduct a warrantless search did not vanish once the automobile had been immobilized. See also People v. Stewart, 10 Ill.App.3d 187, 293 N.E.2d 169 (1973); Rudolph v. Commonwealth, 474 S.W.2d 376 (Ky.1971).
In the instant case, the impoundment of the white Mustang automobile was incident to the arrest of the driver. An inventory search was conducted at the scene and the automobile was towed to the police lot. We conclude from our examination of the evidence that the arrest of appellant, the inventory search of the vehicle, and its impoundment were proper under the circumstances. We do not find that the detention and arrest of appellant were based upon a pretext or drug profile, as urged by appellant, but were justified by absence of license plate, the inability of appellant to provide any identification, and appellant’s giving the officers a false name. At the time of the arrest by the patrolmen, the narcotics officers were seeking to identify appellant and, even though they did not know his identity, they had probable cause to search his automobile for *38 contraband. Applying the legal principles announced in the cases cited above to the facts of the instant case, we find that the second search conducted at the police lot by the narcotics officers with the aid of a narcotic-detection dog was reasonable and was justified by probable cause. The probable cause that existed prior to appellant's arrest and impoundment of his automobile still obtained at the police lot. The order of the trial court overruling the motion to suppress was proper. This case is due to be affirmed.
AFFIRMED.
All Judges concur.